UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CELIA SHOLTZ<br>8040 Plainfield Road<br>Kimbolton, OH 43749<br><br>*On behalf of herself and all others similarly situated,*<br><br>      Plaintiff,<br><br>  *v.*<br><br>EMERGENCY MEDICAL<br>TRANSPORT, INC.<br>c/o Statutory Agent Kenneth J. Joseph<br>1118 Main Ave. W.<br>Massillon, OH 44647<br><br>    and<br><br>LIFETEAM EMS, INC.<br>c/o Statutory Agent John A. Murphy, Jr.<br>200 Market Avenue North, Suite 300<br>Canton, OH 44702<br><br>    and<br><br>KENNETH JOSEPH<br>1118 Main Ave. W.<br>Massillon, OH 44647<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Celia Sholtz, by and through counsel, for her Collective Action Complaint against Defendants Emergency Medical Transport, Inc., (hereinafter "Emergency Medical Transport" or "EMT"), Lifeteam EMS, Inc. (hereinafter "Lifeteam EMS"), and Kenneth Joseph (hereinafter collectively referred to as "Defendants"), states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this case to challenge the policies and practices of Defendants EMT, Lifeteam EMS, and Kenneth Joseph that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and laws of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and laws of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

5. Plaintiff Celia Sholtz is an individual, a citizen of the United States, and a resident of Guernsey County, Ohio. Ms. Sholtz attaches a consent to join form pursuant to 29 U.S.C. § 216(b), which is filed concurrently with this Complaint.

6. Defendant EMT is an Ohio for-profit corporation with its principal place of business in Stark County, Ohio. According to records maintained by the Ohio Secretary of State,

Defendant EMT's statutory agent for service of process is Kenneth J. Joseph, 1118 Main Ave. W. Massillon, OH 44647.

7. Defendant Lifeteam EMS is an Ohio for-profit corporation with its principal place of business in Stark County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Lifeteam EMS's statutory agent for service of process is John A. Murphy, Jr., 200 Market Avenue North, Suite 300 Canton, OH 44702.

8. Defendant Kenneth Joseph is, upon information and belief, a citizen of the United States and a resident of Stark County, Ohio.

## FACTUAL ALLEGATIONS

### Defendants' Business

9. Defendant EMT provides pre-hospital medical emergency care and patient transport in specific counties in Ohio and West Virginia, including Belmont, Carroll, Columbiana, Harrison, Stark, Summit, Trumbull, and Mahoning Counties in Ohio, and Ohio and Marshall Counties in West Virginia. Defendant Lifeteam EMS likewise provides pre-hospital medical emergency care and patient transport from Columbiana County in Ohio, and also in West Virginia and Pennsylvania. Kenneth Joseph is owner of EMT and Lifeteam EMS.

### Defendants' Statuses as Employers

10. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff and the other members of the FLSA Collective.

11. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. Defendant Kenneth Joseph is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," EMT and Lifeteam EMS, "in relation to employees," including Plaintiff and the other members of the FLSA Collective. Defendant Kenneth Joseph is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of EMT's and Lifeteam EMS's day-to-day functions, including the compensation of employees.

13. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

15. Defendants are engaged in commerce and, furthermore, employ individuals engaged in the production of goods for commerce and/or handling, selling, or working on goods or materials that have been moved in or produced in commerce. As such, Defendants are covered by the FLSA.

16. Defendants EMT and Lifeteam EMS function as joint employers within the meaning of the FLSA. For example, Defendants EMT and Lifeteam EMS share medics who work for both companies during the same workweek. When EMT is low on staff, medics from Lifeteam EMS will fill in, and vice versa. The companies also share common ownership. Again, their owner is Defendant Kenneth Joseph.

**Defendants' Statuses as a "Single Employer," and "Single Enterprise"**

17. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform

related activities through unified operation and common control for a common business purpose; namely, the provision of EMT and related transportation services in Ohio, West Virginia, and Pennsylvania.

18. Defendants own and operate companies that provide EMT and related transportation services in Ohio, West Virginia, and Pennsylvania.

19. Defendants are engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Defendants' business purpose to provide EMT and related transportation services in Ohio, West Virginia, and Pennsylvania.

20. Defendants share employees between Defendant companies.

21. Defendants share common management between Defendant companies.

22. Defendants share common human resources and payroll services between Defendant companies.

23. Defendants provide the same array of products and services to customers from Defendant companies.

24. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

25. Defendants provide the same services and products to customers by using a set formula when conducting business. Defendants operate each EMT company identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

26. Part of that set formula is the deprivation of overtime and minimum wage and overtime to their employees as outlined in this Complaint.

**Plaintiff's and the FLSA Collective's Non-Exempt
Employment Statuses with Defendants**

27. Plaintiff Celia Sholtz was employed by Defendants from approximately June 2018 to August 2020 as a medic.

28. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

29. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Failure to Pay Overtime Compensation**

30. Plaintiff regularly worked more than forty (40) hours each workweek for Defendants. However, instead of compensating Plaintiff and the FLSA Collective during weeks when they worked for both employers at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff and the FLSA Collective their regular, straight time hourly rates for all hours worked, including for overtime hours, in violation of the FLSA.

31. Defendants willfully engaged in a scheme to deprive Plaintiff and the FLSA Collective their overtime compensation. While Defendants EMT and Lifeteam EMS were joint employers, a "single employer," and a "single enterprise" under the FLSA and regulations thereunder that have the force of law, Defendants regularly split payments for hours worked between the company entities to avoid paying overtime compensation.

32. This willful scheme to avoid overtime pay impacted Plaintiff almost on a weekly basis. For example, on the week of November 17, 2019 to November 23, 2019, Plaintiff worked 33 hours for Defendant EMT and from November 10, 2019 to November 23, 2019, Plaintiff

6

worked 84 hours for Defendant Lifeteam EMS, which includes 4 hours paid as overtime. Having worked over 70 hours for Defendants in the week of November 17, 2019 to November 23, 2019, Plaintiff should have received overtime pay for the 33 hours credited by Defendant EMT.

33. Defendants' failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Failure to Pay Minimum Wage

34. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206.

35. Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and is $8.70 per hour in 2020.

36. Defendants failed to pay Plaintiff at least the lawful minimum wage rate for all hours worked each workweek. Defendants did not pay Plaintiff for hours worked that should have been paid by Plaintiff's last three paychecks but were not paid by Defendants. Defendants' failure to pay Plaintiff for her last three weeks of pay constitutes a violation of the FLSA and Ohio minimum wage law, 29 U.S.C. § 206; Ohio Const. Article II, Section 34a; O.R.C. Chapter 4111.

### Defendants' Record Keeping Violations

37. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek

7

begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

38. Defendants failed to keep accurate records of hours and overtime worked. Thus, Defendants did not record or pay overtime hours in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

39. Defendants knew that Plaintiff and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

40. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

43. The FLSA Collective consists of:

8

All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

44. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

46. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 20 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## COUNT ONE
### (FLSA Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

49. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

50. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

51. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

52. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

53. As a result of Defendants' violations, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

57. Defendants' failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

58. These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

59. Having injured Plaintiff and other members of the FLSA Collective, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## COUNT THREE
### (FLSA Minimum Wage Violations)

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

62. Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying Plaintiff less than the applicable minimum wage rate. Specifically, Defendants failed and refused to pay Plaintiff her last three paychecks.

63. Defendants have engaged in unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to pay Plaintiff's minimum wages as required by federal law.

64. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

## COUNT FOUR
### (Ohio Minimum Wage Violations)

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Ohio minimum wage law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Ohio Const. Article II, Section 34a; O.R.C. Chapter 4111.

67. Defendants failed to comply with the requirements of Ohio law including by refusing and/or failing to pay Plaintiff's minimum wages as required by Ohio law that should have been paid in Plaintiff's final three paychecks. Ohio Const. Article II, Section 34a; O.R.C. Chapter 4111.

68. Defendants have engaged in unlawful acts, practices, policies, and procedures in violation of Ohio minimum wage law, including by refusing and/or failing to pay Plaintiff's minimum wages.

69. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which she is entitled to judgment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.    Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid minimum wages, as well as additional damages as required by Art. II, Sec. 34a of the Ohio Constitution in an amount equal to two times the amount of unpaid minimum wages;

D.    Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

E.    Award Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) compensatory damages, prejudgment interest, their costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)