UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CELIA SHOLTZ, | ) | Case No. 5:20-cv-2328 |
|     Plaintiff and Counterclaim Defendant, | )<br>)<br>) | Judge J. Philip Calabrese |
| v. | )<br>) | Magistrate Judge Thomas M. Parker |
| EMERGENCY MEDICAL TRANSPORT, INC., *et al.*, | )<br>)<br>) | |
|     Defendants and Counterclaim Plaintiff. | )<br>)<br>) | |

**OPINION AND ORDER**

Plaintiff Celia Sholtz filed suit against her former employers and their chief executive officer, alleging violations of wage and hour laws under the Fair Labor Standards Act and State law. (ECF No. 1.) In response, Defendant Emergency Medical Transport, Inc. counterclaimed for breach of contract and unjust enrichment. (ECF No. 9.) Plaintiff moves to dismiss the counterclaims against her for lack of subject-matter jurisdiction. (ECF No. 13.) For the reasons that follow, the Court **DENIES** the motion.

**BACKGROUND**

Celia Sholtz sued Emergency Medical Transport, Inc., Lifeteam EMS, Inc., and Kenneth Joseph, the companies' CEO, on behalf of herself and a putative class, alleging her former employers failed to pay overtime or meet minimum wage requirements under both the Fair Labor Standards Act and State law. (ECF No. 1, PageID #1–12.) In responding to Ms. Sholtz's complaint, Emergency Medical

asserted two counterclaims, one for breach of an oral contract and another for unjust enrichment. (ECF No. 9, PageID #79–81.)

Emergency Medical alleges that while Ms. Sholtz was in its employ, it discovered the Ohio Board of Emergency Medical, Fire, and Transportation Services revoked her paramedic license. (*Id.*, ¶ 4, PageID #79.) After learning this information, Emergency Medical claims Ms. Sholtz approached Mr. Joseph to explain that without her license she would not be able to continue working as a paramedic—a job which was her only source of income. (*Id.* at ¶ 5.) Mr. Joseph suggested she retain counsel to help get her license reinstated, but Ms. Stolz told him she could not afford the legal fees for that process. (*Id.*)

Mr. Joseph then agreed, purportedly on behalf of Emergency Medical, that the company would cover her legal fees to get her license reinstated, but that Ms. Sholtz would need to reimburse it "within a reasonable period of time." (*Id.* at ¶ 6, PageID #79–80.) She allegedly agreed, Emergency Medical retained counsel on her behalf, and eventually Ms. Sholtz's license was reinstated. (*Id.*, ¶¶ 7–8, PageID #80.) Ms. Sholtz then quit without reimbursing Emergency Medical. (*Id.* at ¶9.) When she sued, it counterclaimed.

Plaintiff seeks to dismiss those counterclaims for lack of jurisdiction under Rule 12(b)(1), arguing the counterclaims are not compulsory under Rule 13(a), and if they are found to be permissive under Rule 13(b), that the Court should decline to exercise supplemental jurisdiction. (ECF No. 13.) Emergency Medical disagrees,

2

arguing the counterclaims are compulsory, but if not, they are permissive and the Court should exercise jurisdiction over them. (ECF No. 19.)

## ANALYSIS

Rule 12(b)(1) provides for dismissal when the court lacks subject-matter jurisdiction, a defense that can be raised at any point in a proceeding. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). The standard for reviewing a motion under Rule 12(b)(1) "depends on whether the defendant makes a factual or facial challenge to subject-matter jurisdiction." *Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 986–87 (S.D. Ohio 2020) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 920, 330 (6th Cir. 2007)). Unlike a factual attack, which requires the district court to analyze conflicting evidence to determine if jurisdiction exists, a facial attack "challenges the jurisdictional sufficiency of the complaint given those facts." *Id.* at 987 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true, similar to the approach employed in reviewing a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted). Plaintiff lodges a facial attack here, challenging Emergency Medical's counterclaims, not their factual predicate. Therefore, the Court accepts the facts Emergency Medical pleads as true.

Rule 13 governs counterclaims, which can be either compulsory or permissive. A compulsory counterclaim must be brought if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim" and does not require "adding another party" over whom the court does not have or cannot obtain personal jurisdiction. Fed. R. Civ. P. 13(a)(1)(A)–(B). Permissive counterclaims are

3

all those that are not compulsory, and may be brought, but need not be. Fed. R. Civ. P. 13(b).

Here, the Court has original jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, which arise under federal law. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003). Emergency Medical's counterclaims, however, for breach of contract and unjust enrichment arise under State law, and the Court's jurisdiction to adjudicate these claims depends on 28 U.S.C. § 1367. In their disagreement over whether the Court should hear the counterclaims, Plaintiff focuses almost exclusively on a Rule 13 analysis—whether the counterclaims compulsory or permissive—arguing they are neither and should be dismissed for lack of jurisdiction. (ECF No. 13.) In response, Emergency Medical focuses principally on its belief that the counterclaims are compulsory, but also argues that, if they are permissive, the Court should exercise supplemental jurisdiction over them. (ECF No. 19.)

### I. Supplemental Jurisdiction Under 28 U.S.C. § 1367(a)

As an initial matter, some federal courts, including those in Ohio, have "abandoned the permissive/compulsory distinction since the enactment of § 1367." *Edwards v. Equitable Acceptance Corp.*, No. 1:14-cv-888, 2015 WL 3607297, at *3 (N.D. Ohio June 8, 2015); *see also Slaughter v. Regional Acceptance Corp.*, No. 2:20-cv-1888, 2020 WL 7342898, at *3 (S.D. Ohio Dec. 14, 2020) (analyzing supplemental jurisdiction over a state law breach of contract claim in the face of a facial attack under Rule 12(b)(1)).

### I.A.   Section 1367's Role Regarding Counterclaims

Enacted in 1990, Section 1367 provides that "in any civil action of which the district courts have original jurisdiction," a court also has "supplemental jurisdiction over all other claims that are so related to . . . the action with original jurisdiction that they form part of the same case or controversy" under Article III.  28 U.S.C. § 1367(a).  Setting certain diversity jurisdiction issues aside, *id.*, supplemental jurisdiction is discretionary:  a court may "decline to exercise" it in several circumstances, including when claims raise novel issues of State law, the claim "predominates over" the original claim, the original claim was previously dismissed, or in "exceptional circumstances" when "there are other compelling reasons for declining jurisdiction." *Id.*, § 1367(c)(1)–(4).

Before a federal court can exercise supplemental jurisdiction over State law claims, it must determine whether they arise "from a common nucleus of operative fact."  *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (citing *White v. Cnty. of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993) (stating the test as whether claims "revolve around a central fact pattern")).  "The test in *Gibbs* remains the standard for pendant jurisdiction[.]" *Kubala*, 984 F.3d at 1137.  "Where the Supreme Court has found 'a common nucleus of operative fact,' the factual connection between the state and federal claims most often involve the same incident." *Id.* at 1137–38 (collecting cases).

Beyond a common nucleus of operative fact, district courts should consider other factors when deciding whether to exercise supplemental jurisdiction, including

5

"'comity, judicial economy, convenience, and fairness.'" *FirstEnergy Corp. v. Pircio*, \_\_\_ F. Supp. 3d \_\_\_\_, 2021 WL 857107, at *9 (N.D. Ohio Mar. 8, 2021) (quoting *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620–21 (6th Cir. 1999)) (declining supplemental jurisdiction over State law counterclaims after dismissing federal claims).

Following enactment of Section 1367, "the statute supplants the judge-made rule that permissive counterclaims require an independent jurisdictional basis." *Edwards*, 2015 WL 3607297, at *3. Noting the Sixth Circuit has not directly "addressed the status of the permissive/compulsory distinction in light of § 1367," other courts have, including the Second and Seventh Circuits, with whom courts in this District agree. *See id.* (collecting cases); *accord Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016) (discussing supplemental jurisdiction over interpleader claims under Section 1367); *Northwestern Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1026 (6th Cir. 2001) (finding the district court had supplemental jurisdiction over the third-party complaint). Because the reasoning in *Edwards* is persuasive, the Court agrees that determining whether Emergency Medical's counterclaims are "permissive or compulsory does not bear on the issue of supplemental jurisdiction." *Edwards*, 2015 WL 3607297, at *3.

### I.B. The Exercise of Supplemental Jurisdiction

Based on the foregoing analysis, the proper inquiry in the Court's view is whether it should exercise supplemental jurisdiction over the counterclaims. Plaintiffs says it should not and identifies several cases that support her position, arguing other courts in "this District and Division" have "refused to exercise

supplemental jurisdiction" when counterclaims predominate over wage and hour claims. ([ECF No. 13](#), PageID #100–03.)

In her first case, *Reed v. Pape Management, Inc.*, No. 1:16-cv-305, 2016 WL 5405248, at *1 (N.D. Ohio Sept. 28, 2016), the plaintiffs asserted FLSA and State law claims against their employers, who counterclaimed for eight state law violations, including breach of lease, failure to pay rent, negligent or intentional damage to property, among others. Because "above all" they "substantially predominate[d] over" the FLSA claims, the court declined to exercise supplemental jurisdiction over the counterclaims. *Id.* at *4. The plaintiffs' dispute was about "hours worked and compensation" while employed, but the counterclaims were about how the plaintiffs treated "rental properties," claims which accrued "after the [p]laintiffs separated from [d]efendants' employment." *Id.* The counterclaims were based on State landlord-tenant law, which would have "dragged" that court "into the unfamiliar neighborhood of property damage, eviction and breached lease agreements," a "long, torturous detour from an FLSA and Ohio wage law case." *Id.*

The other cases on which Plaintiff relies are similar to *Reed*. *See Bruce v. Sana Health, Inc.*, ___ F. Supp. 3d ___, 2020 WL 7042912, at *3–4 (E.D. Mich. 2020) (holding a counterclaim for conversion of company resources was "insufficiently related to" the FLSA claim, despite arguments that the counterclaim "arose out of" the plaintiff's employment); *Sneed v. Wireless PCS Ohio #1, LLC*, No. 1:16-cv-1875, 2017 WL 879591, at *4 (N.D. Ohio Mar. 6, 2017) (declining to exercise supplemental

jurisdiction because the counterclaim would "predominate over plaintiff's claim and would involve different law and evidence").

For its part, Emergency Medical argues *Stewart v. Orthopedic Innovators, Inc.* No. 09-20308-CIV, 2009 WL 10667815, at *3 (S.D. Fla. June 11, 2009), is "factually analogous" to the action here, and because that court chose to exercise supplemental jurisdiction, the Court should too. (ECF No. 19, PageID #145.) In *Stewart*, the defendants brought a counterclaim for repayment of a loan, and the court exercised supplemental jurisdiction because resolving the claims and counterclaims required the "same information" including paycheck deductions and the outstanding loan amount. *Stewart*, 2009 WL 10667815, at *3. While not entirely "factually analogous" to the breach of contract claims here, *Stewart* has some marginal value.

These cases supply some guideposts for if and when other courts have exercised supplemental jurisdiction over counterclaims in FLSA actions. But a case cited by both parties, *Frisby v. Keith D. Weiner & Assoc., Co.*, 669 F. Supp. 2d 863 (N.D. Ohio 2009), provides the most persuasive answer. In *Frisby*, the court exercised supplemental jurisdiction over a counterclaim on a promissory note in an FLSA action because both claims arose out of the employment relationship, and none of the exclusions in Section 1367(b) or exceptions in Section 1367(c) applied. *Id.* at 872. The court determined the claims and counterclaims "share[d] a common factual connection[,]" namely that the "[p]laintiff says the [d]efendant owes her monies and that the amount of money she is owed" is based on federal and state law, and "[s]omewhat similarly," the defendant's counterclaim alleges the plaintiff "owes it

8

monies on the note and that payment of the note is linked specifically to any payroll funds potentially due" to her. *Id.* at 872. Also, the *Frisby* Court determined that "these claims both arise out of" the "relationship as employer and employee" they were related enough to exercise supplemental jurisdiction.

Such is the case here. Plaintiff alleges Emergency Medical, among others, violated federal and State wage and hour laws by failing to pay her overtime and minimum wage and failed to keep accurate payroll records. (ECF No. 1, ¶¶ 30–38, PageID #6–8). Emergency Medical denies those allegations and counterclaims that Ms. Sholtz instead *owes it money* under an oral contract. (ECF No. 9, ¶¶ 4–9, PageID #79–80.) Although the law does not overlap, the facts likely do, at least to enough of an extent. Like *Frisby*, Plaintiff's claims and Emergency Medical's counterclaims "arise out of" their "relationship as employer and employee." Unlike *Bruce*, the facts all occurred during Ms. Sholtz's employment, and unlike *Reed* and *Sneed*, the counterclaims do not predominate over the FLSA claims. But unlike *Stewart*, the claims and counterclaims here do not *directly* overlap, but they are sufficiently related that exercising supplemental jurisdiction makes sense and is more efficient.

Neither the exclusions in Section 1367(b) nor other considerations in Section 1367(c) mandate a different result. Section 1367(b) is inapplicable because the Court's original jurisdiction over Plaintiff's claims is not based on diversity, joinder, or intervention. 28 U.S.C. § 1367(b). And the other considerations—whether the claim raises novel issue of State law or it predominates over the claims with original jurisdiction, whether the claims with original jurisdiction were dismissed, or

other compelling reasons exist—are not relevant here. 28 U.S.C. § 1367(c)(1)–(4). State law breach of oral contract and unjust enrichment claims are far from "novel," the two claims do not predominate, and there is no other sufficiently compelling reason to refuse supplemental jurisdiction.

Moreover, the interests of comity, judicial economy, convenience, and fairness favor exercising supplemental jurisdiction. The Court anticipates that in large part, discovery and fact witnesses necessary to support Ms. Sholtz's FLSA claims will overlap to some degree with those needed to support Emergency Medical's breach of oral contract and unjust enrichment counterclaims (Mr. Joseph and Ms. Sholtz are parties to this action), and the topics on which those depositions and discovery will touch are substantially related. Conversely, refusing jurisdiction would potentially subject Ms. Sholtz to multiple lawsuits, one federal and one state, which would likely prejudice her and create other inefficiencies.

\*   \*   \*

Overall, retaining and exercising supplemental jurisdiction over Emergency Medical's counterclaims is appropriate, and the Court DENIES Plaintiff's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).

## II.  Rule 13

To the extent Rule 13 has any bearing on the analysis, the counterclaims are permissive In this instance, the inquiry whether the counterclaims are compulsory or permissive nevertheless confirms the conclusion that the Court is not required to, but may, exercise jurisdiction over Emergency Medical's counterclaims. To determine whether a counterclaim is compulsory, it must be part of the same

"transaction or occurrence," an inquiry that applies "the logical relationship test," which examines the "issues of law and fact raised by the claims" to determine if they are "largely the same" and "whether substantially the same evidence" would "support or refute both" sets of claims. *Bauman v. Bank of America N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015). Partial overlap of law and fact do not necessarily mean that claims are so related such that counterclaims are compulsory. *Id.* Permissive counterclaims, on the other hand, are those that are not compulsory and may be raised, but need not be. Fed. R. Civ. P. 13(b).

Plaintiff argues her claims focus on "how many hours a week Plaintiff and similarly situated persons worked, how much they were paid, and whether they received their pay promptly, or at all," which has little to nothing to do with the counterclaims. (ECF No. 13, PageID #99.) Emergency Medical responds that because the FLSA and State law permit an employer to "withhold employee authorized deductions" from a paycheck to recoup loans or advances, and Ms. Sholtz's FMLA claims are related to her pay, the claims are related because "any amounts due and owing to [her] should be offset or reduced by the amounts she owes [Emergency Medical] directly arising out of their employment relationship." (ECF No. 19, PageID #141–42.) In reply, Plaintiff maintains that State law requires "employee consent" before an employer may deduct pay, and that "[c]onsent is not in play in the present case" because the oral contract claim is "fabricated." (ECF No. 20, PageID #156–57.)

On the record presented, the Court agrees that Emergency Medical's counterclaims are not compulsory. While there is some factual overlap, the issues of

law do not coincide to the point that if not brought, the counterclaims would later be barred by issue or claim preclusion. The only difference to Emergency Medical likely is, if it brings breach of contract and unjust enrichment claims in a separate action, it would likely be unable to do so in federal court. For these reasons, the counterclaims are not the type Rule 13(a) envisions. But they are permissive, and as discussed above, the Court will exercise supplemental jurisdiction over them.

## CONCLUSION

For the foregoing reasons, the Court has jurisdiction under 28 U.S.C. § 1367 over Emergency Medical's counterclaims, based on its original jurisdiction over Plaintiff's claims under the Fair Labor Standards Act. On the facts and circumstances presented, the Court exercises supplemental jurisdiction over the counterclaims. Accordingly, the Court **DENIES** Plaintiff Celia Sholtz's motion to dismiss under Rule 12(b)(1). ([ECF No. 13](ECF No. 13).)

**SO ORDERED.**

Dated: March 15, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio