UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CELIA SHOLTZ, | ) | CASE NO. 5:20-CV-02328 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| *v.* | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| EMERGENCY MEDICAL | ) | |
| TRANSPORT, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The Parties, Plaintiff Celia Sholtz, and Defendants Emergency Medical Transport, Inc.,

Lifeteam EMS, Inc., and Kenneth Joseph (collectively, "Defendants"), respectfully and jointly

move the Court to approve the proposed Settlement reached by the Parties and memorialized in

the *Confidential Joint Stipulation of Settlement and Release* ("Settlement" or "Settlement

Agreement") filed contemporaneously along with this motion under seal. The Settlement seeks

to resolve all individual wage-and-hour claims that were or could have been brought in this

action. The Parties state the following in support.

## I.    BACKGROUND AND STATEMENT OF FACTS

Plaintiff Celia Sholtz filed this matter in the United States District Court for the Northern

District of Ohio on October 13, 2020. (ECF #1.) Plaintiff's Collective Action Complaint alleged

that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well

as the Ohio minimum wage and overtime compensation statutes and constitutional provisions,

Ohio Rev. Code Ann. § 4111.01 *et seq.* and Ohio Constitution Art. II, Sec. 34a, by failing to pay

Plaintiff at least the required minimum wage for all hours worked, and by failing to pay overtime

compensation at the rate of one and one-half times Plaintiff's regular rate for all hours worked in

excess of forty hours per workweek. (*Id.* at ¶¶ 1, 30-40.) Defendant EMT provides pre-hospital

medical emergency care and patient transport in specific counties in Ohio and West Virginia. (*See* ECF #1, Compl. ¶ 9; ECF #9, Def. EMT's Answer to Compl. ¶ 9.) Defendant Lifeteam EMS likewise provides pre-hospital medical emergency care and patient transport in Columbiana County, Ohio and in Hancock County, West Virginia. (*See* ECF #1, Compl. ¶ 9; ECF #14, Def. Lifeteam EMS's Answer to Compl. ¶ 9.) In this lawsuit, Plaintiff sought to recover back wages, liquidated damages, and attorneys' fees and costs. (*See generally*, ECF #1.) Each of the Defendants filed an Answer to Plaintiff's Complaint, denying all liability under any of Plaintiff's claims. (ECF ##9 ,13.)

Plaintiff moved for conditional certification under the FLSA, 29 U.S.C. § 216(b) (ECF #23), which was partially contested by Defendants (ECF ##25, 26). Plaintiff ultimately obtained conditional certification with modification as to the proposed notice/notice process. (ECF #28, Order Granting in Part Plaintiff's Motion for Conditional Certification.)

The case was hotly contested and settlement was achieved only through difficult negotiations, including a full-day mediation with Honorable Magistrate Judge Thomas M. Parker and following a mediator's proposal consideration period. Prior to engaging in settlement negotiations, Plaintiff's counsel conducted a comprehensive investigation, including an extensive analysis of the available wage-and-hour information and data and documents. Plaintiff served, and Defendants responded to, *Plaintiff's First Set of Discovery Requests to Defendants Emergency Medical Transport, Inc., Lifeteam Ems, Inc., and Kenneth Joseph Pertaining to Collective Action Treatment under the FLSA* on Defendants.

Defendants produced wage-and-hour data and documents of Plaintiff and other potential opt-in plaintiffs, and Plaintiff's counsel created an all-encompassing spreadsheet comprising of the wage and hour records produced by Defendants. The documents and data were extensively

analyzed by both sides to assess the strengths and weaknesses of the case and determine computations of the claimed damages. The discovery and analyses were difficult and time-consuming, but proved instrumental to the negotiation of the proposed Settlement.

Obtaining the alleged unpaid wages described above at trial or through dispositive motion would be no easy task. In particular, Plaintiff would need to: (1) convince the Court that Defendants EMT and Lifeteam EMS are joint employers; (2) successfully argue that the individual Defendant Kenneth Joseph, as well as each of the Defendant corporate entities, were Plaintiff's employers under the FLSA and Ohio law, the core FLSA coverage issue that was deeply disputed by the Parties; (3) defeat Defendants' argument that any unpaid overtime was not willful and/or was in good faith; and (4) obtain and collect any purported recovery.

Prior to the mediation, the Parties exchanged comprehensive written settlement proposals in an effort to narrow their positions. On August 25, 2021, the Parties engaged in a mediation with the assistance of Honorable Magistrate Judge Thomas M. Parker, in which the case was resolved after the mediator submitted, and the Parties each accepted, a mediator's proposal. Subsequent to the mediation, the Parties prepared and executed the written Settlement Agreement that memorializes the terms of their settlement, which the Parties file under seal. (*See* September 28, 2021 Order [non-document].)

If approved by the Court, the proposed Settlement will resolve deeply disputed claims between the Parties. Plaintiff has agreed to release any and all claims regarding Plaintiff's employment with Defendants, including but not limited to her claims under the FLSA, Ohio law, and claims for attorneys' fees, and has agreed to dismiss this lawsuit with prejudice. As highlighted below, Defense counsel and Plaintiff's counsel believe that Settlement is appropriate because the released claims are being compromised without need to establish the elements of

those claims on which liability turns, in addition to providing a fair, reasonable and adequate recovery to Plaintiff in light of the procedural and substantive encumbrances underscored by Defendants. Plaintiff and counsel believe the claims asserted in the matter have merit and that the evidence developed to-date supports the claims asserted. Plaintiff and counsel, however, also recognize the risk and expense of trying and, if necessary, appealing this action, and believe that the Settlement confers fair, reasonable and adequate benefits upon the Plaintiff.

## II.    THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown below, Court approval here is strongly supported by established authority.

### A.    The Seven-Factor Standard is Satisfied

This Settlement qualifies for Court approval under the FLSA, 29 U.S.C. § 216(b). The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents.,* S.D.Ohio No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2 (June 16, 2008), fn. 1 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute")); *Jackson v. Trubridge, Inc*., N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D.Ohio Jan. 26, 2017) (quoting  *Kritzer v. Safelite Solutions, LLC,* S.D.Ohio No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *19 (May 30, 2012)); *Osman v. Grube, Inc*., N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D.Ohio May 4, 2018).

In *Sharier v. Top of the Viaduct, LLC,* N.D. Ohio No. 5:16-cv-343, 2017 U.S. Dist. LEXIS 35584, at *4 (Mar. 13, 2017) (citing *Crawford v. Lexington-Fayette Urban Cty. Govt*., E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, 2008 WL 4724499, at *3 (Oct. 23,

2008); *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (further citation omitted)), a court within this district and division used seven factors to evaluate whether the proposed settlement was fair and reasonable for purposes of the FLSA, 29 U.S.C. 216(b): "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery engaged in, the likelihood of success on the merits, and the public interest in settlement." *See also Cooper v. Winking Lizard, Inc.,* N.D.Ohio No. 1:16CV1513, 2017 U.S. Dist. LEXIS 169237, at *5 (Oct. 4, 2017); *Hedglin v. Maxim Healthcare Servs.,* N.D. Ohio No. 4:15-cv-2614, 2016 U.S. Dist. LEXIS 148275, at *3-4 (Oct. 26, 2016). "The court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Cooper*, 2017 U.S. Dist. LEXIS 169237, at *5 (quoting *Gentrup v. Renovo Servs., LLC*, S.D.Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922 at * 3 (June 24, 2011)); *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13 (quoting *Redington v. Goodyear Tire & Rubber Co.*, 2008 U.S. Dist. LEXIS 64639, 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008; citing *Granada Invest., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205-1206 (6th Cir.1992)).

A key factor – the likelihood of success on the merits balanced against the amount and form of the settlement – strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiff would have to establish not only Defendants' liability, which Defendants vehemently deny, but also Plaintiff's damages. Here, whether Plaintiff is entitled to compensation for Plaintiff's claims is disputed by the Parties, as well as any amounts Plaintiff may be owed. "The existence of a question as to the plaintiffs' entitlement to compensation under the FLSA serves as a guarantee that the Parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Dillworth v. Case*

*Farms Processing, Inc.,* N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *13 (Mar. 8, 2010). Defendants dispute that Plaintiff is entitled to any of the overtime she claims she is entitled to because they are allegedly not joint employers pursuant to the FLSA and Ohio law. Defendants further argued that they are entitled to a good faith defense. Moreover, the expense and likely duration of continued litigation favor approval, in that wage-and-hour cases are always expensive and time-consuming.  The Parties engaged in inclusive negotiations, and the issues were well understood.

The other six factors are satisfied as well. Wage-and-hour cases are always expensive and time-consuming and the expense and likely duration of continued litigation favor approval. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiff will prevail at trial and the litigation could be long and protracted. In contrast, the Settlement assures that the Plaintiff will receive fair, reasonable and adequate compensation. Plaintiff's counsel have extensive experience litigating FLSA claims, and there is no fraud or collusion. The Parties engaged in substantial document review, comprehensive data analysis, and due diligence prior to arduous negotiations, and the issues were well understood. The settlement was reached as a result of arms-length negotiation between Parties represented by competent counsel. *See Sharier*, 2017 U.S. Dist. LEXIS 35584, at *5-6. Experienced counsel on both sides support the Settlement, as does the Plaintiff herself. (*See* Settlement Agreement.)

**B.    The Settlement is Fair, Reasonable, and Adequate**

As a part of the scrutiny it applies to an FLSA settlement, "a court must ensure that the distribution of the settlement proceeds is equitable."  *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *31 (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).

**1.    There is a *Bona Fide* Dispute about Defendants' Liability**

Here, whether Plaintiff is entitled to compensation for Plaintiff's claims is disputed by the Parties, as well as any amounts Plaintiff may be owed. "The existence of a question as to the plaintiffs' entitlement to compensation under the FLSA serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *13 (Mar. 8, 2010).

The Settlement should be approved by the Court because whether or not Plaintiff is entitled to any back pay is deeply disputed by the Parties. Defendants argued that Defendants were not joint employers of Plaintiff, an argument that, if successful, would have compromised all of the claimed damages as Plaintiff would likely not be entitled to coverage under the FLSA and therefore not entitled to overtime compensation or liquidated damages prescribed by 29 U.S.C. § 216(b). Finally, Defendants argued that any unpaid overtime and/or minimum wage was not willful and/or was in good faith. Nevertheless, with this settlement, Plaintiff recovers fair, reasonable and adequate compensation. There was indeed a *bona fide* factual dispute over Defendants' liability and Defendants' position was that Plaintiff was owed very little damages, if any. The settlement here is a very good result for the Plaintiff.

### 2.      The Settlement Amount is Fair, Reasonable, and Adequate

In the present case, the proposed settlement payment to Plaintiff represents a fair, reasonable and adequate percentage of the potential value of her claims. There is no question that the Settlement results in a fair, reasonable and adequate recovery for Plaintiff in light of the procedural and substantive encumbrances underscored by Defendants. The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and stipulate to the dismissal of the action with prejudice. While Defendants do not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair, reasonable and adequate

resolution of their bona fide dispute. Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate. Given the uncertainties surrounding trial in this matter, the certainty and finality of a settlement that will substantially benefit the Plaintiff is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation") (citing *see In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 369 (S.D. Ohio 2006); *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties. A proposed Final Order and Judgment Approving the Settlement is attached as Exhibit 1.

### C.     Plaintiff's Counsel's Fees and Expenses are Proper and Reasonable

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10. The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). The Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages" *Fegley,* 19 F.3d at 1135 (quoting *Posner v. Showroom, Inc*., 762 F.2d 1010, 1985 U.S. App. LEXIS 14544,

at *6 (6th Cir.1985)). *Accord*, *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *27 (May 30, 2012) (the

fee award must be "adequate to attract competent counsel but … not produce a windfall) (citing

*Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008); quoting *Blum v. Stenson*, 465 U.S. 886, 897

(1984)). "[I]n determining what constitutes a 'reasonable' fee award, '[c]*ourts should not place

an undue emphasis on the amount of the plaintiff's recove*ry because an award of attorney fees . .

. encourage[s] the vindication of congressionally identified policies and rights.'" *Funk v.

Airstream, Inc*., S.D.Ohio No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334, at *5 (Sep. 23,

2019) (citing *Fegley*, 19 F.3d at 1134-35 (internal quotations and citations omitted)). "There is a

'strong presumption' that a prevailing plaintiff's attorney is entitled to the lodestar fee," which is

"the product of the number of hours reasonably spent on the case by an attorney times a

reasonable hourly rate." *Id*. (citing *Adcock-Ladd v. Secy. of Treasury*, 227 F.3d 343, 350 (6th

Cir.2000); *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir.2004)).

Courts use the lodestar method to determine reasonable fees under the FLSA, 29 U.S.C.

216(b). Plaintiff's counsels' reasonable rates are in line with other attorneys within this district

based on practice area, years of experience, expertise, office location, and history of successes in

the wage and hour litigation context. For example, in *Carr v. Bob Evans Farms*, N.D.Ohio No.

1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *12 (July 27, 2018), a court within this district

approved rates for similarly experienced plaintiff's attorneys to those in this matter. In that case,

the court found as reasonable an hourly rate of $450 for an attorney with years of practice (32

years) similar to Attorney Scott (35 years); the court further approved two other attorneys'

requested hourly rates in the amounts of $395 who each had less practice and years of experience

than both Winters and McDermott at the time of filing.

Attorney Joseph F. Scott's reasonable hourly rate is $450; Attorney Winters' reasonable hourly rate is $375; and Attorney McDermott's reasonable hourly rate is $325. Cross-checking Plaintiff's counsels' reasonable rates with rates reported in *The Economics of Law Practice in Ohio in 2013* ("Economics of Law"),[1] Plaintiff's counsels' rates fall between the median and 95th percentiles as provided in the closest available category for of "Trial Practice, not PI (General Civil)." *Economics of Law* at 40. Counsel's attorney rates also fall between the median and 95th percentiles under the category of Downtown Cleveland office location, and between the 75th and 95th percentiles when averaging/blending rates for the years in practice category. *Id.* at 39. However, as noted in *Hurt v. Commerce Energy, Inc*., N.D.Ohio No. 1:12-cv-758, 2018 U.S. Dist. LEXIS 168134, at *3 (Sep. 28, 2018), "the sought rates are on the high end of the spectrum. But the Economics of Law data is dated and attorney rates have increased since its publication. And, importantly, Plaintiffs requested fees are within the spectrum of reported rates." *Id.* (citing *see* Sandra Randazzo & Jacqueline Palank, Legal Fees Cross New Mark: $1,500 an Hour, The Wall Street Journal, (Feb. 9, 2016), https://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-an-hour-1454960708 (noting that "rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn."). Previously, our firm's prior hourly rates were found as reasonable in *Wright v. Premier Courier, Inc.,* S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *16-17 (Aug. 17, 2018); *Jones v. Home Care Assistance of Cent. Ohio, LLC*, S.D.Ohio No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *3 (Dec. 9, 2019); s*ee Macaluso v. Zirtual* Startups, LLC, S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243, at *17 (Aug. 17, 2021) ("Plaintiffs' counsel's rates have previously been found reasonable by courts in this Circuit after consideration of the individual attorneys' experience,

---

[1] Available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf (accessed April 1, 2020).

expertise, practice area, office location, and history of successes.)). In addition, Plaintiff's counsel have not been compensated for any time or expense since the matter began. However, Plaintiff's counsel are prepared to invest time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind.

Plaintiff's counsels' hours expended are likewise reasonable. Prosecuting wage and hour litigation is always difficult and time-consuming. The tasks required of Plaintiff's counsel in this case included pre-litigation investigation of Plaintiff's claims and the identities of potential corporate defendants; preparation of the Complaint; and negotiation and submission of the Parties' Rule 26(f) report. Plaintiff served written discovery requests on Defendants and filed for conditional certification which was partially opposed by Defendants. Defendants ultimately produced wage-and-hour data and documents for Plaintiff in addition to documents pertaining to other potential opt-in plaintiffs. Plaintiff's counsel's computations permitted a precise calculation of the alleged unpaid overtime and minimum wages for the Plaintiff. The analyses were difficult and time-consuming, but proved instrumental to the negotiation of the proposed Settlement.

Plaintiff's counsel use Microsoft Excel to record case-related activity and the amount of time spent performing the activity in six-minute increments. Currently (as of September 30, 2021), Plaintiff's counsel have a collective approximately 135.5 hours in this case,[2] a fee lodestar of $47,512.50. The breakdown is as follows: Joseph F. Scott has approximately 15 hours at $450 per hour; Ryan A. Winters has approximately 32 hours at $375 per hour; and Kevin M. McDermott II has approximately 88.5 hours at $325 per hour. Plaintiff's counsel expect to spend additional hours through the final conclusion of this matter including administrative activities related to the settlement, and continuing representation of Plaintiff through the conclusion of this

---

[2] Upon request, Plaintiff's counsel will submit attorney hour and expense records for the Court's consideration and review.

matter. (Ex. 2, Declaration of Plaintiff's Counsel ¶¶ 39-43.) To date, Plaintiff's counsel have also incurred reimbursable out-of-pocket expenses in this case in the amount of $444.69, consisting of the filing fee, potential opt-in plaintiff notice mailing costs, and service costs. Those expenses constitute costs that were reasonably necessary to prosecute the action. The attorney's fee award outlined in the settlement agreement includes these sunken costs. (*Id.* at ¶ 44.)

At a current combined fee lodestar of approximately $47,512.50, and costs in the current total of $444.69, the requested attorney fee results in a "negative multiplier" if the Court approves the requested settlement payment as to attorneys' fees. Such a negative multiplier supports that the fee sought is reasonable. *See Jones v. Home Care Assistance of Cent. Ohio, LLC*, S.D.Ohio No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *3-4 (Dec. 9, 2019) (citing *Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018).

The resulting settlement negotiated by Plaintiff's counsel ensures fair, reasonable and adequate payments to the Plaintiff, and should be approved. Plaintiff's counsel has vigorously represented Plaintiff in this action, has conducted a significant investigation of the claims at issue, and has obtained a thorough familiarity with the factual and legal issues presented in this case. The amount proposed for attorney fees satisfies the Sixth Circuit's standard for FLSA attorney fee awards. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

## III.     SEALING OF THE SETTLEMENT AGREEMENT

On September 27, 2021 Defendants Emergency Medical Transport, Inc. and Kenneth Joseph filed their Unopposed Motion For Leave to file the Confidential Settlement Agreement

Under Seal for the Court's Approval. (ECF #36.) In its September 28, 2021 Order [non-document], the Court granted the parties leave to submit their Settlement Agreement under seal for the Court's review and approval.  The Court further held that "the parties should also provide specific justifications and authorities justifying a permanent seal, bearing in mind that the parties' agreement and desire for confidentiality without more will generally not suffice."  Defendants EMT and Kenneth Joseph will not move for a permanent seal of the Settlement Agreement.

IV.     **CONCLUSION**

        WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of Plaintiff's FLSA claims, including an award of attorneys' fees and litigation costs as provided in the *Confidential Settlement Agreement and Release*, dismiss this action with prejudice, and issue an order retaining jurisdiction to enforce the Settlement entered into by the Parties.

        Respectfully Submitted,


s/ Ryan A. Winters                                 s/ Melissa R. Lock  (via email consent)
Joseph F. Scott (0029780)                          James H. Gordon (Ohio Bar No. 68454)
Ryan A. Winters (0086917)                          Melissa R. Lock (PA Bar No. 82889)
Kevin M. McDermott II (0090455)                    LOCK GORDON LAW GROUP LLC
SCOTT & WINTERS LAW FIRM, LLC                       100 East Campus View Blvd., Ste. 250
The Caxton Building                                Columbus, OH 43235
812 Huron Rd. E., Suite 490                        P:  (215) 776-5068
Cleveland, OH 44114                                jgordon@lockgordon.com
P: (216) 912-2221 | F: (216) 350-6313              mlock@lockgordon.com
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com                        *Counsel for Defendants*
kmcdermott@ohiowagelawyers.com                      *Emergency Medical Transport, Inc. and Kenneth*
                                                   *Joseph*
*Counsel for Plaintiff*

*s/ John A. Murphy, Jr.(via email consent)*
John A. Murphy, Jr. (0019242)
Jill McQueen (0037091)
HARPST BECKER
1559 Corporate Woods Parkway
Uniontown, OH 44685
P:  (330) 983-9971
F:  (330) 983-9981
jmurphy@harpstbecker.com

*Counsel for Defendant, Lifeteam EMS, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)
